NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 1 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERICK FRANKLIN BAUTISTA-LOPEZ,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 12-70003

Agency No. A095-757-692

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2015[**]

Before: HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Erick Franklin Bautista-Lopez, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and protection under the Convention Against

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, and for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

The record does not compel the conclusion that Bautista-Lopez established changed or extraordinary circumstances to excuse the untimely filing of his asylum application. *See* 8 C.F.R. §§ 1208.4(a)(4), (5); *see also Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam). Thus, we deny the petition as to Bautista-Lopez's asylum claim.

Substantial evidence also supports the agency's finding that Bautista-Lopez failed to establish the government of El Salvador was unwilling or unable to control the gangs. *See Truong v. Holder*, 613 F.3d 938, 941-942 (9th Cir. 2010) (per curiam). Thus, Bautista-Lopez's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Bautista-Lopez failed to establish it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**